IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DONALD LYNN GIVENS | § | |
| | § | |
| V. | § | A-16-CV-515-SS |
| | § | A-01-CR-212(1)-SS |
| UNITED STATES OF AMERICA | § | |

## ORDER

Before the Court are Movant Donald Lynn Givens's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. 23); Givens's Amended Motion to Vacate (Doc. 26); Givens' Memorandum in Support (Doc. 28); the Government's Response (Doc. 31); and Givens' Reply (Doc. 32).

## BACKGROUND

Givens was indicted on October 16, 2001, for robbing a bank with the use of a dangerous weapon in violation of 18 U.S.C. § 2113(a) & (d), and pleaded guilty to the one-count indictment on February 7, 2002. The Pre-Sentence Investigation Report found Givens was a "career offender" within the meaning of U.S.S.G. § 4B1.1, based on the finding he had two prior felony convictions for Texas burglary of a habitation that qualified as crimes of violence. The career-offender designation resulted in a Guideline range of imprisonment between 188 and 235 months, subject to a statutory maximum of 25 years.

On April 19, 2002, the Court sentenced Givens to 235 months of imprisonment and a five-year term of supervised release. Givens did not appeal his conviction or sentence.

Givens was sentenced prior to the Supreme Court's decision in *United States v. Booker*, at a time when the Sentencing Guidelines were deemed mandatory. 543 U.S. 220 (2005). *Booker*

brought an end to the mandatory Sentencing Guidelines era and ushered in a different regime of "effectively advisory" Guidelines. *See Booker*, 543 U.S. at 245. In *Johnson v. United States* (*Johnson II*), the Supreme Court held that the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), was void for vagueness under due process principles. 135 S. Ct. 2551 (2015). The following year, in *Welch v. United States*, the Supreme Court held *Johnson II* announced a substantive rule that has retroactive effect in cases on collateral review. 136 S. Ct. 1257, 1268 (2016).

Givens, through appointed counsel, filed an Amended Motion to Vacate and Memorandum in Support. (Docs. 26 and 28). On July 28, 2016, the Court stayed this case pending the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). In *Beckles*, the Supreme Court held *Johnson II* does not apply to the advisory Sentencing Guidelines but "[left] open the question" whether *Johnson II* applies to the mandatory Guidelines. *Id.* at 904 n.4 (Sotomayor, J., concurring in the judgment); *Raybon v. United States*, 867 F.3d 625, 629 (6th Cir. 2017) ("[W]hether [*Johnson II*] applies to the mandatory guidelines . . . is an open question."). The Court lifted the stay following *Beckles* and ordered the parties to resume briefing.

In the instant Motion, Givens argues *Beckles* "makes clear" the new rule announced in *Johnson II* applies to sentences imposed under the pre-*Booker* mandatory Guidelines regime, and because Givens's sentence was imposed under the residual clause of a mandatory Guidelines system, Givens's sentence must be vacated.

# DISCUSSION

## I.   28 U.S.C. § 2255

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to § 2255: (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the District Court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 is an extraordinary measure; it cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990). If the error is not of constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). In addition, a defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show both "cause" for his procedural default, and "actual prejudice" resulting from the error. *Placente*, 81 F.3d at 558.

## II.   Statute of Limitations

Section 2255 contains a one-year limitations period for the filing of a motion to vacate, set aside, or correct a federal sentence. *See* 28 U.S.C. § 2255(f). This limitations period runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme

Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. *Id.*

Pursuant to § 2255(f)(1), Givens's judgment of conviction became final in 2002. Therefore, the instant motion is clearly untimely unless Givens can satisfy one of the exceptions found in § 2255(f). Givens asserts his motion is timely under the provision in § 2255(f)(3) because it was filed within one year of *Johnson II*. Although *Beckles* decided *Johnson II* does *not* apply to the post-*Booker* advisory Guidelines, *Beckles* expressly left open whether *Johnson II* applies to the pre-*Booker* mandatory Guidelines. Because the Supreme Court expressly left open the question of whether Givens's asserted right exists, it does not follow, then, that the Supreme Court has "recognized" that right. *See Raybon*, 867 F.3d at 629 ("Because it is an open question, it is *not* a 'right' that 'has been newly recognized by the Supreme Court' let alone one that was 'made retroactively applicable to cases on collateral review.'"); *United States v. Brown*, 868 F.3d 297 (4th Cir. 2017) ("If the Supreme Court left open the question of whether Petitioner's asserted right exists, the Supreme Court has not 'recognized' that right."); *Washington v. United States*, No. 3:16-CV-1598 (N.D. Tex. Oct. 31, 2017), *report and recommendation adopted* (Petitioner's claims "based on [the right announced under *Johnson II*] cannot be timely under 28 U.S.C. § 2255(f)(3) based on this action being filed within one year from the date [*Johnson II*] was decided."). Givens's Motion cannot be saved under § 2255(f)(3).

## CONCLUSION

Givens's Motion to Vacate and Amended Motion to Vacate are untimely, and he has presented no grounds upon which he can overcome the time-bar.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under section 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal of the movant's section 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly,

It is **ORDERED** that Movant Donald Lynn Givens's Motion to Vacate (Doc. 23) and Amended Motion to Vacate (Doc. 26) are **DISMISSED WITH PREJUDICE** as time-barred.

It is further **ORDERED** that a certificate of appealability shall not issue.

SIGNED this 3rd day of January 2018.

SAM SPARKS
UNITED STATES DISTRICT JUDGE